UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVERN ELLSWORTH RAFFELSON,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

CASE NO. C16-5947-JCC-BAT

**REPORT AND RECOMMENDATION**

Melvern Ellsworth Raffelson seeks review of the denial of his Supplemental Security Income application. He contends the ALJ erred in (1) finding at step two that irritable bowel syndrome ("IBS") is not a medically determinable impairment, (2) assessing certain medical opinions, (3) discounting his testimony, (4) ruling he performed past relevant work, and (5) finding he is capable of performing other jobs at step five. Dkt. 14 at 1-2. For the reasons below, the Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

Mr. Raffelson is currently 56 years old, has a 10th grade education with some additional vocational training as an automotive mechanic, and has worked as hotel housekeeper, salvage

REPORT AND RECOMMENDATION - 1

yard laborer, security officer, RV detailer, and driver.[1]  On June 5, 2013, he applied for benefits, alleging disability as of February 1, 2009.  Tr. 228-33, 117.  His application was denied initially and on reconsideration.  Tr. 152-55, 159-60.  The ALJ conducted a hearing on June 19, 2015, Tr. 71-95, and the ALJ subsequently found Mr. Raffelson not disabled.  Tr. 24-36.  The Appeals Council denied Mr. Raffelson's request for review, making the ALJ's decision the Commissioner's final decision.  Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Mr. Raffelson has not engaged in substantial gainful activity since his application date.

**Step two:** Mr. Raffelson's ankle sprain, arthritis, degenerative disc disease, depression, peroneal tendonitis, and substance abuse are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Mr. Raffelson can perform the full range of medium work, with additional nonexertional limitations.  He can occasionally climb stairs and ramps and also occasionally climb ropes, ladders and scaffolding.  He can occasionally stoop, kneel, crouch, and crawl.  He should avoid concentrated exposure to hazards such as working at unprotected heights or around machinery with exposed moving parts.  The claimant must also avoid concentrated exposure to pulmonary irritants.  He is limited to simple, routine, repetitive tasks consistent with unskilled work.  He is further limited to low-stress work (defined as work requiring few decisions and few changes).  He is limited to occasional, superficial contact with the public and coworkers.

**Step four:** Mr. Raffelson can perform his past work as an RV detailer.

**Step five:** In the alternative, there are other jobs that exist in significant numbers in the national economy that Mr. Raffelson can perform, and he is therefore not disabled.

Tr. 24-36.

---

[1] Tr. 254-55, 260, 595.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## DISCUSSION

**A.    The ALJ's Step Two Findings**

Mr. Raffelson argues at step two the ALJ erroneously found IBS is not a medically determinable impairment.  Mr. Raffelson is correct but the argument fails because at step two, he has the burden of making a threshold establishing (1) he has a medically determinable impairment or combination of impairments **and** (2) the impairment or combination of impairments is severe.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c).  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). A severe impairment must also significantly limit a person's ability to perform basic work activities.  20 C.F.R. §§ 416.920(c), 416.922(b).  The claimant bears the burden of showing a medically determinable severe impairment.  *Bowen*, 482 U.S. at 146 & n.5.

Here, Mr. Raffelson is correct the ALJ erred at step two in finding there was no IBS diagnosis in the record, Tr. 28, because IBS was diagnosed, Tr. 383, and medication for this condition were prescribed.  Tr. 373-74.  However, as the Commissioner contends, none of the records cited by Mr. Raffelson in his opening brief establishes IBS significantly limits his ability to perform work activities, Dkt. 15 at 8, and Mr. Raffelson does not rebut this contention, address IBS, or otherwise establish his IBS is "severe" as defined by the regulations and caselaw in his reply brief.  As noted above, Mr. Raffelson must also show at step two that a medically determinable impairment has more than a minimal impact on his ability to perform work; this is a requirement that Mr. Raffelson fails to establish.  Accordingly, Mr. Raffelson has failed to establish the ALJ harmfully erred at step-two, and the ALJ's determination should be affirmed.

**B.	Medical Opinions**

Mr. Raffelson contends the ALJ misevaluated two medical opinions. First, he argues the ALJ erred by purporting to give significant weight to the opinion of consultative examiner Nadine Williams, M.D., and failing to account for the manipulative limitations that the doctor identified. *See* Tr. 590.

Dr. Williams examined Mr. Raffelson in July 2015 and completed both a narrative opinion report and a checkbox opinion. Tr. 588-600. There are numerous inconsistencies between Dr. Williams's narrative opinion and her checkbox opinion. For example, in her narrative report, Dr. Williams indicated Mr. Raffelson had no sitting restrictions, and could stand/walk for up to six hours. Tr. 600. In her checkbox opinion, Dr. Williams indicated Mr. Raffelson could sit for up to six hours in a workday, and stand/walk for four hours. Tr. 589. Dr. Williams indicated in the narrative report that Mr. Raffelson could lift/carry 25 pounds frequently and 50 pounds occasionally; in her checkbox form, she indicated that he could lift/carry up to 10 pounds frequently and 11-50 pounds occasionally. Tr. 588, 600. Mr. Raffelson's challenge focuses on another discrepancy: in her narrative report, Dr. Williams stated Mr. Raffelson has no manipulative limitations, but in her checkbox opinion, she limited him to "frequent" performance (between 1/3 and 2/3 of a workday) of all manipulative activities. Tr. 590, 600.

The ALJ's decision does not distinguish between Dr. Williams's narrative and checkbox opinions, and purports to give significant weight to her opinion. Tr. 33. The ALJ's decision does not mention the manipulative limitations identified in Dr. Williams's checkbox opinion. According to Mr. Raffelson, the ALJ's failure to account for the manipulative limitations led to

harmful error, because all three of the jobs the ALJ relied upon at step five require that at least one manipulative activity be performed at the "constant" level. Dkt. 14 at 6-7.

The Commissioner contends that Dr. Williams's narrative report serves as a "clarification" that no manipulative limitations were necessary. Dkt. 15 at 10. This is not a plausible reading of the record, given the number of discrepancies between the checkbox opinion and the narrative report, particularly because Dr. Williams did not offer any explanation for the discrepancies and apparently completed both reports on the same day. On remand, the ALJ shall reconsider Dr. Williams's opinions in their entirety, and seek clarification from Dr. Williams if necessary.

Second, Mr. Raffelson challenges the ALJ's assessment of an opinion provided by his treating counselor Nicole Spotswood, MA. *See* Tr. 585-87. The ALJ summarized Ms. Spotswood's conclusions, and discounted her opinion for three reasons. Tr. 33-34. First, the ALJ noted Ms. Spotswood rendered her opinion after only three months of counseling. Tr. 34. Second, the ALJ cited a treatment note wherein Ms. Spotswood expressed her belief that Mr. Raffelson could work and expected him to submit three applications per week. Tr. 34 (citing Tr. 479). Lastly, the ALJ found Ms. Spotswood's opinion was "not consistent with or supported by the medical evidence of record." Tr. 34.

As noted by Mr. Raffelson, Ms. Spotswood began treating Mr. Raffelson in January 2015 and rendered her opinion in June 2015, and therefore their treating relationship was slightly longer than described by the ALJ. Dkt. 14 at 9 (referencing Tr. 585). The Commissioner does not explicitly address this discrepancy. Dkt. 15 at 11.

As to the ALJ's next reason, the treatment notes do not actually reflect Ms. Spotswood's "belief" that Mr. Raffelson can work; instead, they apparently reflect Mr. Raffelson's self-

REPORT AND RECOMMENDATION - 5

identified objective to obtain a job, and this objective was subsequently modified when Mr. Raffelson indicated that his physical problems would prevent him from working. *See* Tr. 474. It is not reasonable to interpret Ms. Spotswood's treatment note as indicating her belief that Mr. Raffelson could work.

Lastly, the ALJ identified no evidence that is inconsistent with Ms. Spotswood's opinion. It is therefore not clear which evidence the ALJ had in mind, and this reasoning is not sufficiently specific as to be germane to Ms. Spotswood.

Because all of the reasons provided by the ALJ to discount Ms. Spotswood's opinion are erroneous, on remand the ALJ shall reconsider Ms. Spotswood's opinion.

**C.    Mr. Raffelson's Testimony**

The ALJ discounted Mr. Raffelson's testimony on the grounds that: (1) there are inconsistencies in the medical records, which suggest over-reporting of impairments and limitations; (2) Mr. Raffelson's "exceptionally poor work history[,]"; and (3) Mr. Raffelson has a felony prison history. Tr. 30-32.

Mr. Raffelson argues the ALJ's findings are "incorrect in several aspects[,]" but the only inaccuracy identified by Mr. Raffelson relates to the IBS diagnosis. Dkt. 14 at 10. The argument disregards the fact that the ALJ mentioned several other statements made by Mr. Raffelson that are inconsistent with the record. For example, Mr. Raffelson reported he was diagnosed with depression while in prison and received counseling at Open Hands Clinic, but his prison records do not contain such a diagnosis, and he only attended a one-time initial screening at Open Hands, not counseling. Tr. 31. The ALJ also noted Mr. Raffelson alleged chronic obstructive pulmonary disease, colon cancer, prostate cancer, congestive heart failure, but that none of these diagnoses are documented in the record. *Id*. The ALJ found although Mr.

Raffelson reported back pain and injury, the objective evidence did not support the degree of limitations he alleged. *Id*. The ALJ also cited inconsistencies regarding Mr. Raffelson's description of ankle pain and injury. *Id*. For example, Mr. Raffelson reported in the emergency room that both of his ankles had been broken and he needed oxycodone and a wheelchair, and at that time he used a boot and crutches that were not prescribed, even though examination revealed only joint swelling. Tr. 31-32.

These inconsistencies between Mr. Raffelson's statements and the medical records amount to a clear and convincing reason to discount Mr. Raffelson's subjective testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Mr. Raffelson's brief does not fully address all of the examples of inconsistencies identified by the ALJ. *See* Dkt. 14 at 10. Accordingly, because the ALJ provided at least one clear and convincing reason to discount Mr. Raffelson's testimony, the ALJ's determination to discount his testimony should be affirmed.

**D.     Past Relevant Work**

At step four, the ALJ found Mr. Raffelson's past relevant work included his job as an RV detailer, and that he could return to that job. Tr. 34. Mr. Raffelson disputes whether he performed this job in a manner consistent with the definition of "past relevant work" within 15 years of the ALJ's decision, as required by regulation. Dkt. 14 at 11-12 (referencing 20 C.F.R. § 416.960). The Commissioner does not address this argument in her brief, and appears to assume (at least for the sake of argument) that the ALJ erred in finding that Mr. Raffelson could perform the RV detailer job. Dkt. 15 at 12.

On remand, if the ALJ intends to find Mr. Raffelson capable of performing his past work as an RV detailer, the ALJ should develop the record regarding the nature of Mr. Raffelson's work as an RV detailer to determine whether it meets the regulatory definition of past relevant work.

**E.      Step-five Findings**

Mr. Raffelson raises a number of challenges to the ALJ's finding that he could perform multiple representative jobs, arguing that the descriptions of these jobs are inconsistent with the RFC assessment. Dkt. 14 at 12-15. Because this case should be remanded to reconsider opinion evidence, both the ALJ's residual functional capacity assessment and step five findings may be reconsidered as well. Thus, the Court need not address at this point the arguments regarding the ALJ's step five findings that Mr. Raffelson could perform certain jobs that exist in the national economy.

## **CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider the opinions of Dr. Williams and Ms. Spotswood and any related findings, and, if necessary, further develop the record regarding Mr. Raffelson's past work as an RV detailer. The ALJ shall reassess Mr. Raffelson's RFC as necessary and proceed to steps four and five as appropriate. A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **May 8, 2017**. If no objections are filed, the Clerk shall note the matter for **May 12, 2017**, as ready for the Court's consideration. If objections are filed, any response is due within

14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed **eight** pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of April, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9